NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YAN ZHUANG; QINGYUAN ZHOU,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 16-73857

Agency Nos. A201-052-878
A201-052-879

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023[**]

Before: GRABER, PAEZ, and NGUYEN, Circuit Judges.

Yan Zhuang and Qingyuan Zhou, natives and citizens of China, petition pro

se for review of the Board of Immigration Appeals' order dismissing their appeal

from an immigration judge's decision denying their application for asylum, and

denying Zhuang's applications for withholding of removal and protection under

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determinations based on inconsistencies within Zhou's testimony regarding his knowledge of the religious nature of the house church gatherings and any resulting problems, and inconsistencies between petitioners' testimony as to when Zhou learned of Zhuang's arrest, how Zhuang was transported home from the detention center, and whether Zhou accompanied Zhuang to the police station for reporting. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Petitioners' explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's determination that petitioners did not present documentary evidence that would otherwise establish their eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (applicant's documentary evidence was insufficient to independently support claim). Thus, in the absence of credible testimony, in this case, petitioners' asylum claim and Zhuang's withholding of removal claim fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the agency's denial of Zhuang's CAT claim

2                                                                 16-73857

because it was based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See id*. at 1157.

In light of this disposition, we do not reach petitioners' remaining contentions regarding their eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

We do not consider the materials petitioners reference in their opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**